## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Silvern Rochester, #146731 )<br>*aka Darrell S Rochester* )<br>                   Petitioner, )<br>                   )<br>v.                               )<br>                   )<br>Henry McMaster; )<br>Warden Kershaw Correctional Institution, )<br>                   )<br>                   Respondents. )<br>_____) | C.A. No.: 8:08-1677-PMD<br><br>**ORDER** |

This matter is before the court upon *pro se* Petitioner Darrell Silvern Rochester's ("Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The record contains a report and recommendation ("R&R") of a Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R recommends that the Petitioner's § 2254 petition be dismissed in its entirety as untimely. If a party disagrees with the recommendation as it stands in the R&R, that party may submit written objections to the court within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Petitioner filed timely objections to the R & R.

## BACKGROUND

Petitioner, an inmate at Kershaw Correctional Institution, was convicted on May 8, 1988 for murder, kidnaping, and malicious injury to property after a trial by jury in the Court of General Sessions, Sumter County. (Petition at 2.) Following a sentencing hearing on May 9, 1988, Petitioner received a thirty year life sentence. (Petition at 2.) Petitioner appealed the conviction to the Supreme Court of South Carolina, raising the issue of whether statements made by Petitioner were properly admitted into evidence. (Petition at 3.) The Supreme Court of South Carolina affirmed the conviction on April 2, 1990 in *State v. Rochester*, 301 S.C. 196, 391 S.E.2d 244 (1990).

(Petition at 3.)

On July 10, 1990, Petitioner filed an application in state court for post conviction relief ("PCR"), raising a claim of ineffective assistance of council. (Petition at 4.) After an evidentiary hearing was held on the matter, the PCR court dismissed Petitioner's application on October 28, 1994. (Petition at 4.) Petitioner then petitioned the Supreme Court of South Carolina for a writ of certiorari, but it was denied on December 7, 1995. (Petition at 7.)

On May 25, 2001, Petitioner filed a state petition for habeas corpus relief, arguing that his conviction and sentence had violated a number of his constitutional rights. (Petition at 4.) After an evidentiary hearing was held on the matter, the Court of Common Pleas for Sumter County dismissed the petition with prejudice on August 18, 2003. (Petition at 5.) Petitioner again petitioned the Supreme Court of South Carolina for a writ of certiorari, but it was once again denied on May 24, 2007. (Petition at 10.) On April 17, 2008, Petitioner filed his Petition for habeas relief under § 2254 with this court, alleging seven grounds for relief:

(1) Petitioner's conviction was based on evidence obtained in violation of the Fourth Amendment;

(2) Defense counsel was ineffective in failing to "object to trial judge's mannerisms, move for a mistrial, or request the judge to recuse himself;"

(3) Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated when the trial judge denied motion to suppress statements made by petitioner;

(4) Defense counsel was ineffective in failing to subpoena a material witness;

(5) Defense counsel was ineffective in failing to request correct jury charge;

(6) Appointed trial counsel was ineffective in that counsel lacked the experience required under S.C. Code Ann. § 16-3-26(B); and

(7) Trial counsel was ineffective in failing to move for a mistrial after hearsay statements were introduced.

(Petition at 6-17.)

Pursuant to 28 U.S.C. § 636(1)(B), Petitioner's case was automatically referred to a United States Magistrate Judge, who issued the R&R on June 4, 2008. The R&R recommended to this court that Petitioner's petition for writ of habeas corpus be dismissed in its entirety as untimely under 28 U.S.C. § 2244(d).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court reviews de novo those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C). As to those portions of the Report for which no such specific written objections are made, the Court "need not conduct a de novo review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005). After a review of the entire record, the R&R, Petitioner's Petition and his Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

## ANALYSIS

As the Magistrate Judge correctly noted, the statute of limitations for habeas petitions filed pursuant 28 U.S.C. § 2244 was amended by the Antiterrorism and Effective Death Penalty Act

("AEDPA"), which was enacted on April 24, 1996. By enacting AEDPA, Congress sought to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202 (2003) (internal citations and quotation marks omitted). AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." *Id.* But, for those petitioners whose convictions became final prior to the enactment of the AEDPA, the one-year period began to run on April 24, 1996, when AEDPA took effect. *Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998) (Petitioner whose conviction became final prior to the enactment of the AEDPA shall have one-year from the date of enactment to file a habeas petition).

However, the one-year period is generally tolled while a petitioner is seeking relief in state court proceedings. *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir.1999) ("[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners."). A new one-year limitation period is not initiated upon exhaustion of state remedies; rather, the original one-year limitation period which was tolled during the pendency of the state proceedings recommences upon the final disposition by the highest state court.

In order to qualify for the tolling provisions of § 2244(d)(2), any collateral proceeding must be properly filed in accordance with state law. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable

4

laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005) (*quoting Carey v. Saffold*, 536 U.S. 214, 236 (2002)). When a court is computing the amount of time that transpired between certain court events for the purpose of determining whether or not the statute of limitations on a habeas claim expired under § 2244(d)(2), the court is to use the guidelines contained in Rule 6 of the Federal Rules of Civil Procedure. *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir.2000).

As the Magistrate Judge correctly noted, Petitioner's conviction became final well before the enactment of the AEDPA. (R&R at 3). Therefore, Petitioner had until April 24, 1997, one-year from the enactment date of the AEDPA, to file his petition. *See Brown*, 150 F.3d at 370.

Much of Petitioner's Objections to the Magistrate Judge's R&R are simply restatements of the merits of his habeas petition, which was not the grounds upon which the Magistrate Judge recommended that this court dismiss Petitioner's § 2254 petition. Therefore, the court does not consider these as proper specific objections to the Magistrate Judge's R&R, and does not address them. Petitioner's only specific objection the Magistrate Judge's R&R is that his petition should not be time-barred by AEDPA because the time limit should have been tolled while he sought state habeas relief. According to Petitioner, he believed that he could not file a claim for habeas relief in federal court until he had fully exhausted all available state court avenues for post-conviction adjudication of his claims, which he believed included filing for state habeas relief. This claim was not finally adjudicated until the Supreme Court of South Carolina had denied certiorari to him on

May 24, 2007. Less than one year later, on April 17, 2008, Petitioner filed for habeas relief in this court under § 2254.

However, what Petitioner is actually seeking is not so much the tolling of the applicable time limitation as it is a resuscitation of his right to file a federal habeas claim. Petitioner's original state court action seeking PCR relief was finally adjudicated on December 7, 1995, well before AEDPA was enacted. This was also over five years before Petitioner opted to file his claim for state habeas corpus relief. In effect, then, Petitioner sat on his rights for an extended period of time after being denied PCR relief on his ineffective assistance of counsel claim. Petitioner now asserts that since, after this lengthy period of inactivity, he chose to file his claim for habeas relief first in state court, it should serve to revive his ability to file a federal habeas claim.

Such is not the law. The applicable one-year time limit under § 2244(d)(1)(A) began to run on April 24, 1996, when AEDPA was enacted. At that time, Petitioner's PCR claim had already been finally adjudicated by the state court system, and Petitioner was not challenging the constitutionality of his conviction in any other state court action. If at any point between that date and April 24, 1997, Petitioner had filed an action in state court challenging his conviction on constitutional grounds, then the time limitation would have tolled from the date that action commenced until it had reached final adjudication. However, since he did not, Petitioner became barred from filing for federal habeas relief under § 2254 on April 24, 1997. Because Petitioner did not seek relief in any state court proceedings during that one-year period, the time to file his petition was not tolled and the statute of limitations passed. *See Taylor*, 186 F.3d at 557. Accordingly, the Magistrate Judge was correct in finding that Petitioner's petition, which was filed approximately twenty-years after his initial conviction and eleven-years after the statute of limitations had passed,

was untimely.

Since the parties had not addressed the issue of timeliness under AEDPA, the Magistrate Judge noted in her R&R that the United States Court of Appeals for the Fourth Circuit has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA. (R&R at 3). Specifically, the Fourth Circuit held:

> [W]hen a federal habeas court, acting *sua sponte*, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*McMillian v. Jarvis*, 332 F.3d 244, 249 (4th Cir. 2003). As the Magistrate Judge correctly noted, Petitioner was afforded the opportunity in the habeas corpus petition form to explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) did not bar his petition. (R&R at 4). Rather than offering an explanation for the petition's untimeliness in the provided space, however, Petitioner addressed only the merits of his case. In Petitioner's Objection to the Magistrate Judge's R&R, Petitioner does finally offer several explanations for the untimeliness of his petition. Those explanations include the following: (1) Petitioner, proceeding *pro se*, was "inexperienced" in handling procedural matters regarding his claim; (2) Petitioner misunderstood the law; (3) Petitioner was unaware of the enactment of the AEDPA; and (4) Petitioner was not unduly delaying the filing of his petition as Congress sought to prevent in its enactment of the AEDPA, but instead was diligently studying his case. (Objections at 1-2).

It is one of the most well-accepted axioms of the law that ignorance of the law does not excuse a failure to comply with that law. Specifically, courts have held that simply because a petitioner is unaware of the AEDPA time limitation contained in § 2244, this does not mean that the

time limit somehow does not apply. *See, e.g.*, *Padilla v. Hatch*, 269 Fed. Appx. 855 (10th Cir. 2008). The only way Petitioner can get around this time limit if he was not actively attempting to exhaust his state court remedies is if the court finds that the time limit should have been equitably tolled.

The doctrine of equitable tolling applies only in "those rare instances where - due to circumstances external to the [petitioner's] own conduct - it would be unconscionable to enforce the limitation against the [petitioner]." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In order to invoke the doctrine of equitable tolling, a petitioner must be able to show the existence of some "extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit. *Id*. Clearly, Petitioner's explanations do not present the sort of "extraordinary circumstance" required to invoke equitable tolling. Additionally, it is firmly established that a *pro se* prisoner's ignorance of the law is not a basis to invoke equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.2004). Accordingly, the Magistrate Judge was correct in finding that Petitioner's claim for relief under § 2254 was untimely.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Petitioner Rochester's Petition for relief under 28 U.S.C. § 2254 is **DISMISSED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 23, 2008**